UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **VILLAJE DEL RIO, LTD.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | Civil Action No.  SA-07-CA-947-XR |
| ) | |
| **COLINA DEL RIO, LP,** *et al*. ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

### ORDER

Before the Court is Plaintiff's motion to remand and for recovery of attorneys' fees (Docket No. 5). This case originated in Bexar County state court on April 27, 2006, and was removed to the Bankruptcy Court for the Western District of Texas in May 2006 by Defendant Colina del Rio, LP (Colina). On July 31, 2007, the bankruptcy court issued an order granting Plaintiff's motion for abstention and remand. After Defendant Deutsche Bank Berkshire Mortgage Inc.'s (DBBM) motion for reconsideration was denied in September 2007, the case was remanded to Bexar County state court. On November 20, 2007, DBBM filed a notice of removal with this Court, which Plaintiff challenges.

Having considered the briefs and applicable statutory and case law, the Court DENIES Plaintiff's motion to remand.

### Précis

On April 27, 2006, Plaintiff filed suit in Bexar County state court, naming Colina and DBBM as Defendants. Five days later, it filed a Voluntary Petition for Bankruptcy in the United States

Bankruptcy Court for the Western District of Texas. Shortly thereafter, Defendant Colina removed the case to bankruptcy court.[1] At the time that Colina removed the case, DBBM had not yet been served.

Indeed, DBBM was not served until August 1, 2006, several months after the case had been removed. On May 1, 2007, George Geis, the principal of Plaintiff Villaje del Rio, Ltd. (Villaje), purchased from the bankruptcy estate Villaje's pending claims against DBBM. Thereafter, Geis filed a motion for abstention and remand, which was granted against DBBM's opposition on July 31, 2007. DBBM filed a motion for reconsideration with the bankruptcy court, which was denied on September 12, 2007. Subsequent to this denial, the case was remanded to state court, wherefrom DBBM removed the case on November 20, 2007 on the basis of diversity jurisdiction.

**Analysis**

When Plaintiff filed its case in state court, it did not serve DBBM. In fact, DBBM was not served until after the case was removed to federal bankruptcy court. Because the case was already in federal court when DBBM was served, there was not a need for it to remove the case at that time. The first time such a need arose was when the bankruptcy court remanded the case to state court in October 2007. This remand occurred well over a year after the case had been filed.

This one year mark is significant because 28 U.S.C. § 1446(b) proclaims that "if the case stated by the initial pleading is not removable . . . [it] may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action." Both parties assume, without specifically stating the basis for their assumption, that this case, as originally pled in April 2006, was

---

[1] Colina apparently prevailed on its motion for summary judgment before the bankruptcy court and does not appear to be a party in the removed case.

not removable.[2] When a case is not originally removable, the one-year deadline in § 1446(b) generally applies.[3] DBBM argues, however, that the deadline should be equitably tolled in this case because of the case's unique procedural history. It cites to the Fifth Circuit case of *Tedford v. Warner-Lambert Co.*, where the court observed that "the time limit for removal is not jurisdictional."[4] The Fifth Circuit went on to hold that "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended."[5]

In response, Plaintiff asserts that unlike in *Tedford*, it has not improperly contrived to strip Defendant of its removal rights. In support of its position, Plaintiff cites to the finding by the bankruptcy judge that "there is little likelihood of forum shopping in this instance."[6]

DBBM strongly disputes Plaintiff's assertion that it did not engage in forum manipulation. The Court, though, need not resolve this dispute. Even assuming Plaintiff acted in good faith, equitable tolling is still available to Defendant.

---

[2] It does not appear that the parties have provided a copy of the original state court petition. Nevertheless, both parties agree that the case was not originally removable. This is important because the one-year limitations period only applies if diversity jurisdiction was originally unavailable. *See* New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998) ("Section 1446 requires that we interpret the one-year limitation on diversity removals as applying only to the second paragraph of that section, *i.e.*, only to cases that are not initially removable.").

[3] § 1446(b) also provides that where a case is not originally removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, [of a document] . . . from which it may first be ascertained that the case is one which is or has become removable." Plaintiff does not contest that DBBM has met this thirty day requirement.

[4] 327 F.3d 423, 426 (5th Cir. 2003).

[5] *Id*. at 428-9.

[6] Docket No. 5, Exhibit B at 5.

In *Shiver v. Sprintcom, Inc.*, the District Court for the Southern District of Texas held that because the defendant removed the civil action at the first available opportunity, and because the removal would not lead to "undue delay, unfair prejudice, or in any way deprive [the plaintiff] of his day in court," the removal was proper, even though it occurred over a year past the filing date of the state court petition, and even though the court made no finding of bad faith on the part of the plaintiff.[7]

Such a result is consistent with the expressed purpose behind § 1446(b). According to the legislative history:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction.[8]

In other words, it appears Congress was concerned with the inefficiencies that result when a case is removed from state court on the eve of trial or after much of the discovery and motions practice has already taken place. The legislative history indicates that Congress was trying to promote federalism and limit judicial inefficiency while also protecting the rights of parties to invoke diversity jurisdiction.

In this case, the balance of these interests weighs strongly in favor of removal. As DBBM points out, this case was pending in state court for a mere matter of days, and DBBM never propounded discovery nor filed any documents during the abbreviated pendency of the state court action. On the other hand, it removed the case at its first available opportunity, and there is no

---

[7] 167 F. Supp. 2d 962, 964 (S.D. Tex. 2001).

[8] *Deshotel*, 142 F.3d at 886.

dispute that absent the one-year provision of § 1446(b), all other requirements for diversity jurisdiction have been met.

Based on statutory interpretation, applicable case law, and the procedural history of this case, the Court finds that equitable tolling of the one-year time limit is appropriate. Plaintiff argues, however, that even if equitable tolling were initially available to DBBM, such tolling is now precluded by the findings of the bankruptcy judge in his order on Plaintiff's motion for abstention and remand. According to Plaintiff, the arguments DBBM now makes for equitable tolling were the same ones that were presented to and rejected by the bankruptcy judge. Because Defendant did not appeal the bankruptcy judge's decision to abstain and remand, Plaintiff contends that its attempt to rehash old arguments before this Court is tantamount to an impermissible collateral attack on the bankruptcy court's final order.

Although DBBM did raise some similar arguments before the bankruptcy judge to those it now asserts, the bankruptcy judge's order does not preclude DBBM from seeking equitable tolling before this Court. The bankruptcy judge opted to exercise permissive abstention, which in his order he describes as being "appropriate in this instance given that the Debtor is not a party to this action, which involves state law claims, and the outcome can have no conceivable effect on the estate."[9] His analysis was largely concerned with the relationship between the claims of the parties and the main bankruptcy case pending in his court. He never considered the issue of diversity jurisdiction and equitable tolling. The closest he came was in his limited finding that he did not think the Plaintiff engaged in forum shopping. As noted above, however, even assuming Plaintiff did not engage in forum shopping, equitable tolling in this instance is still appropriate.

---

[9] Docket No. 5, Exhibit B at 2.

**Conclusion**

In sum, Plaintiff's contention that DBBM is barred from making equitable tolling arguments in favor of removal is without merit. Because the Court finds equitable tolling of the one-year provision in 28 U.S.C. § 1446(b) to be appropriate in this case, and because diversity jurisdiction appears to be present between the current parties to the suit, removal is permissible. Accordingly, Plaintiff's motion for remand and recovery of attorneys' fees (Docket No. 5) is DENIED.

It is so ORDERED.

SIGNED this 28th day of May, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE